GALLET DREYER & BERKEY, LLP
845 Third Avenue, Eighth Floor
New York, New York 10022
(212) 9352-3131
Jerry A. Weiss (JAW 9936)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In Re:

    MODERN MAGPIE, LLC,

                                  Debtor.
-------------------------------------------------------------------x

Chapter 11
Case No: 10-11083 (MG)

**STIPULATION OF SETTLEMENT and ORDER REJECTING LEASE and *INTER ALIA*, VACATING STAY**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties hereto, as follows:

      **WHEREAS**, on March 2, 2010, Modern Magpie, LLC ("Debtor") filed a petition under Chapter 11 of Title 11, United States Bankruptcy Code ("Bankruptcy Code"); and

      **WHEREAS**, at all times relevant herein 205 Operating Corp. ("Landlord"), was and is the landlord was and is the landlord of that portion of the ground (street) floor known as Store Number 4 together with that portion of storage space known as Storage Room #3 in the building known as 205 East 63rd Street with a street address of 1079 Third Avenue, in the City, County and State of New York (the "Premises"); and

      **WHEREAS**, Debtor entered into possession of the Premises pursuant to a written lease, made as of August 8, 2006, between Landlord, as landlord, and Respondent, as tenant (the "Lease"), which Lease was subsequently amended and/or modified by First Amendment to Lease, dated May 6, 2009 (the Lease and First Amendment to Lease is referred to collectively as the "Lease"). The term of the Lease was set to run through October 31, 2016; and

**WHEREAS**, by Guaranty made as of May 6, 2009 (the "Guaranty"), Bhinda Rajwans (the "Guarantor") agreed to guaranty Debtor's performance under the Lease;

**WHERAS** Debtor has defaulted in a substantial obligation of its Lease for the Premises in that it has failed to pay rent and/or use and occupancy charges for same; and

**WHEREAS**, as a result of Debtor's failure to pay the aforementioned rent, Landlord commenced a summary nonpayment proceeding (the "Summary Proceeding") in the Civil Court of the City of New York, County of New York, by Notice of Petition and Petition, verified July 13, 2009. The Summary Proceeding is entitled <u>205 Operating Corp v. Modern Magpie LLC a/k/a DIGS</u>, Index No. LT 076687/2009; and

**WHEREAS**, the Summary Proceeding was resolved by way of stipulation of settlement "so ordered" by the Hon. Tanya R. Kennedy, JCC, dated September 3, 2009 (the "Stipulation") and

**WHEREAS**, pursuant to the terms of the Stipulation, Landlord was awarded judgment of possession with forthwith issuance of a warrant of eviction (the "Warrant"); and

**WHEREAS**, the Warrant was issued by the New York Civil Court to New York City Marshal Ronald Pazant; and

**WHEREAS**, the issuance of the Warrant terminated the landlord-tenant relationship between the parties; and

**WHEREAS**, Debtor remains in arrears in payment of its post-petition use and occupancy in the amount of $58,066.26 (March, April and May 2010 at $19,355.42 per month).

**NOW, THEREFORE**, in consideration of the mutual covenants herein contained, it is stipulated and agreed, subject to approval of this court, that Landlord's motion is settled as follows:

1. Debtor's Lease for the Premises is rejected.

2. Debtor acknowledges that it is in arrears in its payment of post-petition use and occupancy charges to Landlord to date in the amount of $58,066.26 (March, April and May 2010 at $19,355.42 per month, the "Arrears").

3. The automatic stay, pursuant to Section 362 of the Bankruptcy Code, is vacated, terminated and annulled and Landlord is free to take whatever legal steps it deems appropriate in state court to recover possession of the Premises including, but not limited to, execution of any warrant of eviction issued thereby, in accordance with the terms of this Stipulation/Order.

4. If Debtor abides by the terms herein, Landlord agrees to accept Twelve Thousand ($12,000) Dollars per month in payment of Debtor's monthly use and occupancy obligations during the period commencing the date of Debtor's filing of its petition for relief (i.e., March 2, 2010) through June 30, 2010, but only if paid as follows: March 2010 use and occupancy ($12,000) paid on or before May 14, 2010; April 2010 use and occupancy ($12,000) paid on or before May 28, 2010; May 2010 use and occupancy ($12,000) paid on or before June 11, 2010 and June 2010 use and occupancy ($12,000) paid on or before June 25, 2010.

5. In the event that Debtor fails to make any monthly use and occupancy payment referred to in paragraph "4" above, with **TIME BEING OF THE ESSENCE**, then, in the event that such default is not cured within five (5) days after a written notice is faxed to Debtor's undersigned counsel at (212) 227-2948, Landlord may execute upon the Warrant. Parties expressly agree and acknowledge that the Marshal's Notice of Eviction may be served contemporaneously with the notice of default to Debtor's counsel.

6. Assuming Debtor is not otherwise in default of the terms hereof or the Lease as hereby amended, beyond any applicable cure period, Landlord agrees to allow Debtor to remain in possession of the Premises through June 30, 2010 **TIME BEING OF THE ESSENCE.** In exchange, Debtor agrees to vacate the Premises voluntarily and surrender all right, interest, title and possession of the Premises to Landlord and waives any right to reclaim and/or redeem

possession of the Premises after such vacatur. Debtor represents that there are no subtenants, assignees, licensees or others claiming any interest in the Premises by or through Debtor or its Estate or other encumbrances to Landlord's possession of the Premises.

7. Voluntarily vacating shall be defined as: (a) surrendering the keys to the Premises to Landlord c/o Melvyn R. Leventhal at 488 Madison Avenue, 18th Floor, New York, New York 10022; (b) removing only Debtor's personal property not affixed or attached to the Premises; and (c) leaving the Premises in broom clean condition as required under the Lease upon its expiration.

8. Parties expressly acknowledge and agree that, in addition to Landlord's rights set forth in Paragraph 5 above, Landlord may cause a Marshal's Notice of Eviction to be served any time after June 20, 2010, so that, should Debtor fail to comply with the provisions of Paragraphs 6 and 7 herein, Landlord may take all steps necessary in order to cause Debtor to be evicted on July 1, 2010 or as soon as possible thereafter.

9. Debtor understands and agrees that time shall be "of the essence" as to all obligations herein and that there shall be no extension of the stay of the execution of the warrant of eviction for any reason whatsoever.

10. Pending Debtor's surrender of possession of the Premises to Landlord, and/or Landlord's lawful recovery of possession of the Premises, Landlord may accept any post-petition use and occupancy payments and/or rent tendered by Debtor, without prejudice and acceptance of same shall not be deemed to reinstate the Lease.

11. For as long as Debtor remains in possession of the Premises, it shall comply with all of its obligations and responsibilities required by the Lease, as amended.

12. Any property of Debtor or its estate remaining on the Premises following Debtor's surrender of possession of same to Landlord and/or Landlord's lawful recovery of

possession of same, is deemed abandoned by Debtor, and may be disposed of at Landlord's discretion and at Debtor's sole cost and expense, without notice.

13. In the event that Debtor fully and timely complies with every obligation required under this Stipulation/Order, Guarantor's liability under the Guaranty shall not include any liability accruing under the Guaranty in connection with any obligations arising under the Lease from and after June 30, 2010 provided, however, notwithstanding anything to the contrary, Guarantor shall continue to remain liable pursuant to the terms of the Guaranty for: (i) all obligations of Tenant which arose or accrued on or prior to July 1, 2010, (ii) any liability of Tenant arising out of a breach of any warranty, obligation, agreement, representation, or covenant of Tenant under this Stipulation/Order, and (iii) all costs and expenses incurred by Landlord including, without limitation, reasonable attorney's fees and costs, in connection with the enforcement of any of the provisions of the Lease to June 30, 2010, or the Guaranty, or the attempted collection of any amounts due under the Guaranty.

14. This Stipulation/Order is without prejudice to Landlord's right to file a claim in the within proceeding, pursuant to law, for an amount including but not limited to the Arrears less any payments by Debtor hereunder.

15. In the event that Debtor institutes or involuntarily becomes the Debtor in any other or subsequent bankruptcy proceeding, within any district of the United States or any of its territories, the automatic stay shall not take effect with respect to Landlord to the extent that the Landlord seeks to recover possession of the Premises.

16. All payments made by Debtor pursuant to this Stipulation/Order shall be applied solely to rent and/or use and occupancy charges that accrued subsequent to March 2, 2010.

17. All payments made by Debtor pursuant to this Stipulation/Order shall be by official bank check made payable to Landlord, and delivered to Landlord c/o Melvyn R.

5
C:\Documents and Settings\mcales\My Documents\Downloads\cQcfmSoR.docx

Leventhal at 488 Madison Avenue, 18th Floor, New York, New York 10022 so as to be received no later than 3 PM on the date that same is due.

18. In the event Debtor is in default under any of the terms of this Stipulation/Order, Debtor hereby consents to the entry of a money judgment in the amount of the Arrears, less any payments made hereunder plus all additional use and occupancy charges to the date of the judgment, together with an amount which shall constitute Landlord's legal fees and disbursements incurred in the summary proceeding and in Debtor's instant chapter 11 bankruptcy proceeding, plus interest and costs.

19. This Stipulation/Order contains the full and complete agreement between the parties, and the terms of this Stipulation/Order shall not be modified, changed or amended, except by written agreement between the parties and/or their counsel.

20. This Stipulation may be signed in counterparts and facsimile signatures shall be deemed original for the purposes of this Stipulation.

**Dated:** New York, New York
May 12, 2010

| | |
|---|---|
| **Gallet Dreyer & Berkey, LLP** | **Paul Milbauer, Esq.** |
| *Attorneys for Landlord* | *Attorney for Debtor* |
| **845 Third Avenue** | **90 John Street** |
| **New York, New York 10022** | **New York, New York 10038** |
| **Tel No. (212) 935-3131** | **Tel. No. (212) 227-8007** |
| **Fax No. (212) 935-4514** | **Fax No. (212) 227-2948** |
| | |
| **By:  s/ Jerry A. Weiss** | **By:  s/ Paul Milbauer** |
|         **Jerry A. Weiss, Esq.** |         **Paul Milbauer, Esq.** |
| | |
| **MODERN MAGPIE, LLC** | **AGREED and ACEEPTED** |
| **a/k/a DIGS** | |
| | |
|   **s/Bhinda Rajwans** |   **s/Bhinda Rajwans** |
| **Bhinda Rajwans** | **Bhinda Rajwans** |

**S O   O R D E R E D :**

/s/Martin Glenn_____
Hon. Martin Glenn, USBJ